# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LARRY DARNELL CHEATHAM,

    Petitioner,

v.

HEATHER L. HAYE, et al,

    Respondent.

Case No. 19-10480
Hon. Terrence G. Berg

## OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL RIGHTS COMPLAINT

### I. Introduction

Before the Court is Plaintiff Larry Darnell Cheatham's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Marquette Branch Prison in Marquette, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART.**

### II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

(B) the action or appeal:
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured

by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## III. Complaint

Plaintiff claims that while incarcerated at the Cotton Correctional Facility in Jackson, Michigan, he was scheduled to have dental surgery to remove his last three remaining teeth. Plaintiff was also informed that he would receive a "mechanical diet"—a soft food diet—after undergoing the dental surgery because the stitches would prevent him from being able to eat hard food. Plaintiff alleges that defendant Haye, the dentist at the Cooper Street Facility, and her dental assistant, identified only as Jane Doe, deliberately and intentionally failed to order the mechanical diet, causing plaintiff to be deprived of food from October 31, 2018 until November 4, 2018.

Plaintiff claims that the willful and deliberate failure to provide the proper food for him after he underwent dental surgery amounted to cruel and unusual punishment and also violated his right to equal protection of the laws. Plaintiff seeks monetary, declaratory, and injunctive relief. Plaintiff names the Michigan Department of Corrections ("MDOC"), Heidi Washington, the director of the MDOC, Warden Joseph Barrett, Heather L. Haye, and D.A. Jane Doe as defendants.

3

## IV. Discussion

### A. The complaint must be dismissed against the Michigan Department of Corrections.

The complaint is dismissed against the Michigan Department of Corrections, because MDOC is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment bars any civil rights action against MDOC. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *Rodgers v. Michigan Dept. of Corrections,* 29 F. App'x 259, 260 (6th Cir. 2002).

### B. The suit must be dismissed against Defendants Washington and Barrett.

The complaint must be dismissed against Defendant Washington, the Director of MDOC, and Defendant Barrett, the warden at the Cooper Street Facility, because plaintiff failed to allege any personal involvement on the part of either defendant with the alleged unconstitutional deprivation.

A supervisory official like Washington or Barnett cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002) (*quoting Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official

4

"at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (*citing to Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

The complaint must be dismissed against Defendant Washington, because the complaint does not allege that Washington had any direct involvement in the alleged violations of the plaintiff's constitutional rights. *See Sarr v. Martin,* 53 F. App'x 760, 761 (6th Cir. 2002). Any notice that Washington might have received through the prison's grievance system would be insufficient to make her personally liable for the alleged unconstitutional acts here. *Id.* Moreover, Washington's failure to take action upon plaintiff's complaint would be insufficient to render her liable for these unconstitutional actions under § 1983. *Combs,* 315 F. 3d at 558.

Warden Barrett is likewise not liable under § 1983 in his supervisory capacity for the alleged violation of plaintiff's rights, because plaintiff failed to alleged that the warden committed any of these acts or acquiesced in the other parties' conduct. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008).

### C. Plaintiff states a potential claim for relief against the remaining defendants.

Plaintiff's claim that the remaining defendants were deliberately indifferent to his dental or medical needs by depriving him of medically necessary soft food diet states a claim upon which relief could be granted. *See Hunt v. Dental Dep't,* 865 F.2d 198, 200 (9th Cir. 1989). The case will continue against the remaining defendants.

**IT IS ORDERED THAT:**

The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE** with respect to defendants **MICHIGAN DEPARTMENT OF CORRECTIONS, HEIDI WASHINGTON, AND JOSEPH BARRETT** for failing to state a claim upon which relief can be granted. The complaint may proceed against the remaining defendants.

**SO ORDERED.**

Dated: June 17, 2019    s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 17, 2019.

s/A. Chubb
Case Manager