UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY D. CHEATHAM**, <br><br> Plaintiff, <br><br> v. <br><br> **HEATHER L. HAYE, D.D.S., et al.**, <br><br> Defendants. | 2:19-cv-10480 <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER MODIFYING IN PART REPORT AND RECOMMENDATION** |

This is a prisoner civil rights case filed by Larry D. Cheatham pursuant to 28 U.S.C. § 1983. Cheatham claims he was denied a medically necessary liquid diet following surgical removal of three teeth at the Cooper Street Correctional Facility in Jackson, Michigan. In effect, Cheatham alleges, this denial forced him to go without food for 11 days, in violation of his constitutional rights. Cheatham brings claims against his dentist Defendant Heather L. Haye, D.D.S. and her dental assistant, Defendant Sue Bidwell, in both their individual and official capacities. The case is now before the Court because Plaintiff has objected (ECF No. 42) to Magistrate Judge Patricia T. Morris's Report and Recommendation of March 24, 2020 (ECF No. 41) which suggested that both Defendant Haye's motion to dismiss (ECF No. 25) and Defendant Bidwell's motion to dismiss and for summary judgment (ECF No. 34) should be granted. Haye and Bidwell are the only defendants remaining in the case.

1

Having reviewed Cheatham's objections, the Court finds they have merit. The Court will therefore modify the Magistrate Judge's Report and Recommendation. Defendant Haye's motion to dismiss will be denied, and Bidwell's motion to dismiss and for summary judgment will be granted in part as to the official-capacity claims but denied as to her affirmative defense that Cheatham failed to properly exhaust his claims.

## LEGAL STANDARD

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "*de novo* determination of those portions of the report . . . to which objection is made." *Id.* The district court is not obligated to independently review parts of the Report and Recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

For objections to a Report and Recommendation to be considered by the district court, and the issues preserved for appeal, the objections must be specific. The Sixth Circuit has held that "[a] general objection to the entirety of the magistrate's report has the same effect as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). An objection is considered a general objection if it "fail[s] to identify specific concerns with a magistrate judge's report." *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004).

## DISCUSSION

The Court has reviewed the Magistrate Judge's Report and Recommendation, as well as Cheatham's objections, the underlying motions, and relevant case law. Although Cheatham's objections tend toward the conclusory—reiterating why he believes his claims against Haye and Bidwell were meritorious—he does specify particular issues and makes separate objections to each of the Magistrate Judge's recommendations regarding Haye's and Bidwell's motions. Consequently, the Court will give Cheatham the benefit of the doubt and address *de novo* his issues with the Report and Recommendation.

### I. Defendant Haye's motion to dismiss should be denied.

While recognizing that there is authority on both sides of this issue, including in support of the Report and Recommendation's suggested ruling, the Court will sustain Plaintiff's objection on the question of whether Cheatham has failed to allege any physical injury. Section 1997e(e) of Title 42, a provision of the Prison Litigation Reform Act of 1995 ("PLRA"), provides that, "No Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual assault." Although the PLRA does not define "physical injury," the Sixth Circuit has explained that "even though the physical injury required by § 1997e(e) need not be significant, it must be more than *de minimis* for an Eighth Amendment

3

claim to go forward." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (citations omitted).

In his objection, Cheatham reiterates that he was deprived of food for 11 days, causing him to lose eight pounds. Plaintiff contends that "[s]aid loss of weight represents the physical, and the mental and emotional agitation" sufficient to state a claim for violation of his Eighth Amendment rights. ECF No. 42, PageID.236. Courts have consistently held that § 1997e(e) bars civil rights suits seeking damages for a constitutional violation where a prisoner suffers "only emotional and mental injury." *Cox v. Malone*, 199 F. Supp. 2d 135, 139 (S.D.N.Y. 2002). *See Braswell v. Corrections Corp. of Am.*, 419 F. App'x 622 (6th Cir. 2011). Accordingly, Cheatham's mental and emotional agitation alone cannot provide an anchor for his Eighth Amendment claim.

As of yet, the Sixth Circuit has not provided direct guidance on the question of whether weight loss can be considered more than a *de minimis* physical injury for purposes of the PLRA. Several district courts have held that weight loss "falls short of establishing serious physical injury." *Sango v. Aramark*, No. 1:15-cv-247, 2015 WL 1632670, at *3 (W.D. Mich. Apr. 13, 2015). *See, e.g., Sims v. Caruso*, No. 1:11-cv-92, 2011 WL 672232, at *2 (W.D. Mich. Feb. 18, 2011) (finding that weight loss, standing alone, does not constitute a serious physical injury); *Gibson v. Zavaras*, No. 09-cv-02328-WYD-KLM, 2010 WL 3790994, at *7 (D. Colo. Aug. 10, 2010) (agreeing with defendants that weight loss was

4

insufficient to demonstrate physical injury under the PLRA); *Plasencia v. California*, 29 F. Supp. 2d 1145, 1152 (C.D. Cal. 1998) ("[W]eight loss is insufficient to constitute a prior physical injury under the PLRA.").

But a few other courts in the Southern District of Ohio have found that "[a]n inmate's diet and weight loss may, under some circumstances, constitute an actionable physical injury." *Nelson v. Jackson*, No. 2:12-cv-1167, 2014 WL 4109445, at *15 (S.D. Ohio Aug. 19, 2014) (ultimately finding on summary judgment that plaintiff's loss of 32 pounds over a seven-month period did not constitute a more than *de minimis* physical injury); *Stepler v. Warden, Hocking Corr. Facility*, No. 2:12-cv-1209, 2013 WL 3147953, at *15 (S.D. Ohio June 18, 2013) (R. & R.), *adopted by* 2014 WL 3459880 (allowing Plaintiff's First Amendment claim to survive motion to dismiss where plaintiff did not explicitly allege a physical injury but said the jail's kosher meals provided him insufficient calories); *Ward v. Gooch*, No. 5:07-CV-389-JMH, 2010 WL 4608292, at *7 (E.D. Ky. Nov. 5, 2010) (allowing plaintiff's Eighth Amendment claim to proceed past summary judgment where he lost 70 pounds because of an allegedly inadequate medical diet provided by the jail).

In Cheatham's case, construing his allegations in the light most favorable to him, the Court cannot conclude with certainty that he has failed to allege a physical injury sufficient to survive a motion to dismiss. *See Stepler*, 2013 WL 3147953, at *15. At least some courts have found physical injury based on weight loss alone. Because Sixth Circuit

5

jurisprudence does not foreclose a finding that weight loss may constitute a physical injury sufficient to satisfy § 1997e(e), the Court will permit Plaintiff's Eighth Amendment claim against Haye to proceed past the motion to dismiss phase. Accordingly, the Court will modify the Magistrate Judge's Report and Recommendation and deny Haye's motion to dismiss.

Although the Court's decision does not turn on this issue given its finding that Cheatham has adequately alleged a physical injury, several circuit courts have held that a prisoner who fails to allege physical injury may still seek injunctive or declaratory relief under the PLRA, meaning that § 1997e(e)'s physical-injury requirement applies only to bar recovery of monetary damages. *See, e.g., Thompson v. Carter*, 284 F.3d 411, 418 (2d Cir. 2002); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Davis v. D.C.*, 158 F.3d 1342, 1346 (D.C. Cir. 1998); *Zehner v. Trigg*, 133 F.3d 459, 461–62 (7th Cir. 1997). Although the Sixth Circuit has not squarely addressed the question of whether a prisoner may seek injunctive or declaratory relief under the PLRA on an alleged Eighth Amendment violation without first establishing a physical injury, the Court is persuaded by the authority from these other circuits. Because Cheatham requests both declaratory and injunctive relief, ECF No. 1, PageID.1, it is at least plausible under the precedent from these other circuits that his suit could proceed even if his weight loss was not deemed a more than de minimis physical injury. Because the alleged deprivation

6

of food appears, from the face of the Complaint, to have occurred in the past, however, Cheatham may run into mootness problems if he seeks only injunctive and declaratory relief.

## II. Bidwell's motion to dismiss and for summary judgment should be granted in part and denied in part.

Next, Cheatham argues that the Magistrate Judge was incorrect to recommend that his official-capacity claims be dismissed under the Eleventh Amendment's immunity doctrine, and that summary judgment be entered in favor of Bidwell based on his purported failure to properly exhaust administrative remedies. The Court finds the Magistrate Judge was correct to dismiss Cheatham's official-capacity claims but will sustain Plaintiff's objection to the Report and Recommendation's suggestion that Cheatham has not properly exhausted his claims. Bidwell's motion to dismiss claims relating to her acting in her official capacity will therefore be granted. But Bidwell's motion for summary judgment based on Cheatham's alleged failure to exhaust will be denied.

Cheatham contends that "even though Bidwell is employed by the State (MDOC) [that] does not make her the State." ECF No. 42, PageID.239. But that contention is not correct in the context of Eleventh Amendment jurisprudence. The Eleventh Amendment bars all suits for monetary relief against states, including the State of Michigan, and a state's departments, among them the Michigan Department of Corrections. *See McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir.

7

2012) (citation omitted). Claims against state employees acting in their official capacity are generally considered functionally equivalent to those against the state itself. *Cady v. Arenac Cty.*, 574 F.3d 334, 342 (6th Cir. 2009). As an employee of the State of Michigan, Bidwell is immune from official-capacity claims under the Eleventh Amendment, meaning she cannot be sued for damages in her official capacity. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citation omitted). Consequently, Cheatham's objection to the Magistrate Judge's recommendation that his official-capacity claims be dismissed will accordingly be overruled.

Concerning exhaustion of administrative remedies, MDOC Policy Directive 03.02.130, which governs prisoner and parolee grievances, provides that a grievance "may be rejected" if it "contains multiple unrelated issues." ECF No. 34-2, PageID.169. Cheatham's Eighth Amendment claim against Bidwell involves her failure to order his mechanical soft diet following surgical removal of three of his teeth. ECF No. 1, PageID.2–3 (Compl.). Cheatham filed two grievances in connection with the events that gave rise to this case. The first grievance complained that both Haye and Bidwell were responsible for Cheatham not receiving his mechanical diet following surgery. ECF No. 34-3, PageID.183. The grievance also claimed that Haye had overruled the oral surgeon's prescription that Cheatham take Ultram three times per day for pain. *Id.* Cheatham's second grievance did not specifically mention denial of the mechanical diet and is therefore not directly relevant to the issue of

8

whether he exhausted administrative remedies. ECF No 34-3, PageID.188.

The Court finds that Plaintiff did in fact exhaust his administrative remedies as to his claim regarding denial of the mechanical soft diet. The Magistrate Judge determined that Plaintiff, in raising the issues of denial of medication and denial of the mechanical soft diet in one grievance "failed to follow the procedure required by the MDOC to properly exhaust his administrative remedies." ECF No. 41, PageID.231. Upon review of the grievance and relevant MDOC policy directive, however, this Court finds that Cheatham has properly exhausted his Eighth Amendment claim as to both Bidwell and Haye. The Court does not agree that the grievance raises "multiple *unrelated* issues," as MDOC employees found at Step I, II, and III of the grievance review and appeal process (emphasis added). Rather, it raises one claim, namely, that Cheatham was denied prescribed care in the wake of his oral surgery. *See LaFountain v. Martin*, 334 F. App'x 738, 741 (6th Cir. 2009) (unpublished) (determining that prisoner grievance did not raise "multiple unrelated issues," as grievance coordinator found, but in fact raised one claim involving retaliation for grievance-filing). The issues of Cheatham being denied medication, and denied a mechanical diet are not "unrelated." Both involve the course of post-surgery care following removal of some of Cheatham's teeth.

## CONCLUSION

For these reasons, Plaintiff's Objections are **SUSTAINED IN PART AND OVERRULED IN PART**, and the Report and Recommendation of March 24, 2020 (ECF No. 41) is **ADOPTED IN PART AND MODIFIED IN PART**. Defendant Heather L. Haye, D.D.S.'s motion to dismiss (ECF No. 25) is **DENIED**. The motion to dismiss and for summary judgment filed by Defendant Bidwell (ECF No. 34) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to Cheatham's official-capacity claims, which will be dismissed, but **DENIED** as to Bidwell's request for summary judgment in her favor on the basis of Cheatham's failure to properly exhaust his administrative remedies.

**SO ORDERED.**

Dated: June 26, 2020         s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE