UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY DARNELL CHEATHAM,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>HEATHER L. HAYE, *et al.*,<br>　　　　　　　Defendants.<br>_____/ | Case No.: 19-10480<br><br>Terrence G. Berg<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DISMISSING PLAINTIFF'S MOTION FOR
PRETRIAL CONFERENCE (ECF No. 51) AND DIRECTING
DEFENDANTS HAYE AND BIDWELL TO FILE AN ANSWER**

In this prisoner civil rights action, filed on February 15, 2019, Plaintiff Larry Darnell Cheatham ("Plaintiff"), proceeding *pro se*, is seeking an award against defendants Heather L. Haye, DDS, Dental Assistant Sue Bidwell, Joseph Barrett, Heidi Washington and the Michigan Department of Corrections for damages and injuries he alleges to have suffered due to the violation of his Eight Amendment rights. (ECF No. 1). According to Plaintiff, the alleged violation stems from Defendants Haye's and Bidwell's failure to order a mechanical diet (*i.e.*, a soft food diet) for him following a dental procedure. (*Id.* at PageID.2-3). Plaintiff alleges this caused him to be deprived of food for approximately 11 days. (*Id.* at PageID.3). Further, Plaintiff alleges this action amounts to cruel and unusual punishment and violated his right to equal protection of the law. (ECF No. 6).

On June 17, 2019, the Court issued an order dismissing the claims against Joseph Barrett, Heidi Washington, and the Michigan Department of Corrections due to Plaintiff's failure to state a claim upon which relief could be granted. (ECF No. 6 at PageID.42). (*See id.*) On March 24, 2020, the Court issued a report and recommendation (the "March 24, 2020 Report & Recommendation") recommending that Defendant Haye's motion to dismiss (ECF No. 25) and Defendant Bidwell's motion to dismiss and summary judgment (ECF No. 34) be granted. (ECF No. 41).

On April 8, 2020, Plaintiff filed objections to the March 24, 2020 Report & Recommendation. (ECF Nos. 42 and 43). On June 26, 2020, the Court issued an order modifying the March 24, 2020 Report & Recommendation which (i) denied Defendant Haye's motion to dismiss and (ii) denied Defendant Bidwell's request for summary judgment on the basis of Plaintiff's failure to properly exhaust his administrative remedies but granted Defendant Bidwell's motion as to Plaintiff's official-capacity claims. (ECF No. 44). On July 16, 2020, Defendant Haye filed a motion to correct or modify the Court's June 26, 2020 order. (ECF No. 47). On February 4, 2021, the Court denied Defendant Haye's July 16, 2020 motion. (ECF No. 55). The remaining defendants in the action are Haye and Bidwell (the "Defendants").

On September 28, 2020, Plaintiff filed a Motion for Pretrial Conference or Scheduling Conference pursuant to Federal Rules of Civil Procedure 16(1)(b) and 26(f).  (ECF No. 51).  In his motion, Plaintiff requests that the Court either schedule a pretrial or scheduling conference to permit the parties to discuss their respective trial exhibits or order that the case proceed to trial before District Judge Terrence Berg.  (*Id.* at PageID.296-297).  On October 19, 2020, this case was referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636. (ECF No. 52).

First, the Court will address Plaintiff's request that a pretrial or scheduling conference be calendared.  (*Id.* at PageID.293).  In civil cases, Rule 26(f) discovery conferences must be held prior to the scheduling conference or issuance of a scheduling order under Federal Rule of Civil Procedure 16.  *Bell v. Caruso, et al.*, No. 19-13299, 2008 WL 2566754 at *1 (W.D. Mich. June 25, 2008).  However, this type of action—*i.e.*, prisoner civil rights action—is exempt from "both initial disclosures under Fed. R. Civ. P. 26(a)(1) and the mandatory discovery planning conference under Fed. R. Civ. P. 26(f)" as Plaintiff is a *pro se* prisoner in the custody of the State of Michigan.  *See id.*  Thus, the Court **DENIES** Plaintiff's request that a 26(f) discovery planning conference be calendared.

3

Plaintiff's case is also exempt from the requirement that a Fed. R. Civ. P. 16(b) scheduling and planning order be entered unless it is ordered by the judge to whom the action is assigned. *See id.*; *see also* E.D. Mich. L. Civ. R. 16.1(e)(1) (All actions in which one of the parties appears *pro se* and is incarcerated are exempt from the requirements of Fed. R. Civ. P. 16(b)). Further, Defendants have yet to file their answer and thus issuing a scheduling order would be premature. As a result, Plaintiff's motion for a scheduling and planning order pursuant to Fed. R. Civ. P. 16(b) is **HELD IN ABEYANCE** pending the filing of Defendants' respective answers.

As of February 4, 2021 all outstanding dispositive motions filed by Defendants have been resolved by the Court. (ECF Nos. 44 and 55). Therefore, Defendants are hereby directed to file their respective answers to Plaintiff's complaint by **Thursday, March 18, 2021**.

Lastly, while less than clear, it appears Plaintiff's motion at paragraphs 11 and 13 may also seek a bench trial before District Judge Terrence G. Berg. (ECF No. 51 at PageID. 295, 296). To the extent such is requested, the Court **DENIES** Plaintiff's request as Defendant Bidwell submitted a request for trial by jury per Federal Rule of Civil Procedure 38(b) on October 10, 2019. (ECF No. 28).

**IT IS SO ORDERED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).

Date: February 17, 2021					s/Curtis Ivy, Jr.
							Curtis Ivy, Jr.
							United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 17, 2021, by electronic means and/or ordinary mail.

							s/Kristen MacKay
							Case Manager
							(810) 341-7850