UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY D. CHEATHAM,<br>            Plaintiff,<br>v.<br><br>HEATHER L. HAYE, *et al.*,<br>            Defendants.<br>_____/ | Case No.: 19-10480<br><br>Terrence G. Berg<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 53)

On February 15, 2019, Plaintiff Larry D. Cheatham ("Plaintiff"), proceeding *pro se*, initiated this prisoner civil rights action against defendants for damages and injuries he alleges to have suffered due to the violation of his Eight Amendment rights. (ECF No. 1). On July 6, 2020, the Court issued an order for the appointment of counsel and stayed the proceedings for a period of 60 days. (ECF No. 46). The order further provided if *pro bono* counsel was not obtained within 60 days, the stay would be lifted and Plaintiff would proceed *pro se*. (*See id.*). To date, *pro bono* counsel has not appeared on Plaintiff's behalf. On October 19, 2020, this case was referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636. (ECF No. 52).

On November 10, 2020, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 53). In support of his request, Plaintiff states the issues presented in the case are complex and that litigating the case will require issuing discovery requests and deposing witness. (*Id*. at PageID.301, 304). To underscore this point, he highlights in his motion that defendant Haye's counsel has already written to request Plaintiff produce his mental health records. (*Id*. at PageID.304). Plaintiff also argues that he should be appointed counsel due to his limited knowledge of civil law, lack of appropriate legal materials, limited access to the facility's law library due to the COVID-19 pandemic and his inability to afford counsel. (*Id*. at PageID.301, 302, 308). Further, he explains he suffered a closed head injury which at times affects his memory. (*Id*. at PageID.302). Lastly, he explains that following the Court's July 6, 2020 Order for Appointment of Counsel and Staying Proceedings (ECF No. 46) no counsel has appeared on his behalf or contacted him regarding his case. (ECF No. 53, PageID.302).

Pursuant to 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs*., 452 U.S. 18, 25–27 (1981). Except in rare circumstances, it is the practice of this Court to consider the appointment of counsel in prisoner civil rights cases only where exceptional circumstances exist,

or in certain cases only after a motion to dismiss or for summary judgment has been decided. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). In order to make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Plaintiff maintains in his motion the claims he lodged against defendants Haye and Bidwell are complex, he has no ability to investigate the facts, the case may require considerable discovery, including deposition of expert witnesses, and that he has very little to no legal training. (ECF No. 53, PageID.307–308). Nonetheless, based on the Court's review of the pleadings and the motions filed to date, the issues in this case do not appear to be overly complex and Plaintiff's claims are relatively straightforward and understandable. Furthermore, Plaintiff's briefs, objections, and other filings demonstrate to the Court that he has an adequate understanding of the issues and matters involved in this action as well as the litigation process itself. Difficulties in preparing the case "are present in every prisoner civil rights case" and such difficulties are not to be considered as

3

necessitating appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009).

Moreover, in July 2020 the Court endeavored to assist Plaintiff in obtaining counsel and stayed the action for a period of 60 days. (ECF No. 46). As Plaintiff highlighted in his motion, to date *pro bono* counsel has not appeared in his case and he has not been contacted by any such attorneys. (ECF No. 53, PageID.302). Further, as previously mentioned hereinabove, Plaintiff's filings following the issuance of the July 6, 2020 order demonstrate to the Court that he has an adequate understanding of the issues and matters involved in this action as well as the litigation process itself. Hence, as the Court has already undertaken the requested measures, albeit unsuccessfully, there is no reason to do so again at this juncture.

The Court is aware of the difficulties posed by the pandemic on all litigants, including those who are incarcerated. Should Plaintiff's lack of access to legal materials and to the law library, due to the pandemic, delay his ability to respond or bring a motion to this Court, he may file a simple request for enlargement of time explaining the circumstances.

For the reasons stated above, Plaintiff's motion for appointment of counsel (ECF No. 53)is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Review of this Order is governed by Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).

| | |
|---|---|
| Date: February 18, 2021 | s/Curtis Ivy, Jr.<br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 18, 2021, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850
