UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LARRY D. CHEATHAM, | Case No.: 19-10480 |
| Plaintiff, | Terrence G. Berg |
| v. | United States District Judge |
| HEATHER L. HAYE and SUE BIDWELL, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendants. _____/ | |

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 72, 75, 86)

**I.    PROCEDURAL HISTORY**

Plaintiff Larry D. Cheatham filed this prisoner civil rights action on February 15, 2019, without the assistance of counsel. (ECF No. 1). Cheatham alleges violations of the Eighth and Fourteenth Amendments to the United States Constitution. The Court issued an Opinion and Order dismissing Heidi Washington, Joseph Barrett, and the Michigan Department of Corrections as defendants. (ECF No. 6, PageID.42). Earlier in this case, Haye[1] moved to dismiss. (ECF No. 25). Bidwell moved for summary judgment and dismissal based on

---

[1] Defendants refer to Haye as Hays throughout their motions and replies. But since there is no request to amend the case caption on record, the undersigned will refer to her as Heather L. Haye, as identified in the case caption.

exhaustion and Eleventh Amendment immunity. (ECF No. 34). The Court dismissed Plaintiff's claims against defendants in their official capacity. (ECF No. 44). Plaintiff's Eighth Amendment claims against defendants Bidwell and Haye in their individual capacities remain for allegedly failing to timely prescribe Plaintiff a mechanical soft diet.

Bidwell moved for summary judgment (ECF No. 72), to which Plaintiff responded (ECF No. 73), Bidwell replied (ECF No. 74), Plaintiff sur-replied (ECF No. 77), and Bidwell responded to Plaintiff's sur-reply.[2] (ECF No. 85). Haye filed a concurrence and motion for summary judgment (ECF Nos. 75, 76), to which Plaintiff responded. (ECF No. 81). Plaintiff moved to oppose Haye's motion for summary judgment. (ECF No. 86). This case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636. (ECF No. 52).

For the reasons below, the undersigned recommends that Defendant Bidwell's motion for summary judgment (ECF Nos. 72) be **GRANTED**, Defendant Haye's motion for summary judgment (ECF No. 75) be **GRANTED IN PART**, **DENIED IN PART**, and Plaintiff's opposing motion to Haye's motion for summary judgment be **DENIED AS MOOT.**

## II. BACKGROUND

### A. Factual Background

---

[2] The sur-replies were filed with leave of the Court. (ECF No. 84).

What happened here starts with some agreement. All agree that during all times relevant, Plaintiff was in the custody of the Michigan Department of Corrections ("MDOC") housed at the Cooper Street Correctional Facility ("JCS"). Defendants Bidwell and Haye were employed as a dental assistant and dentist, respectively, at JCS. (ECF No. 1, PageID.2, ¶¶ 4-8). On August 9, 2018, Defendant Dr. Haye evaluated Plaintiff for complaints related to toothaches in his remaining top three teeth; afterward she referred him to an oral surgeon to have the teeth extracted. (ECF No. 75-5, PageID.701). Plaintiff's teeth were extracted by Dr. Orson Cardon on October 23, 2018. When he returned from surgery, a mechanical soft diet had not been ordered for him. Thus, he sent a message, known as a "kite," to staff requesting a mechanical soft diet; it appears health care received the request on October 29, 2018. (ECF No.72-4, PageID.456). During a medical appointment on October 30, 2018, Plaintiff complained of post-operative constipation and requested a mechanical soft diet. (ECF No. 75-5, PageID.757). The request was approved by Defendant Haye on October 31, 2018. (ECF No.72-6, PageID.460). The diet was ordered to begin on October 31, 2018 and end on April 28, 2019. (*Id.*). Contemporaneously, staff responded to Plaintiff's kite on November 1, 2018 noting his diet was "scheduled." (ECF No.72-2, PageID.438). Plaintiff received the diet on November 4, 2018. (ECF No. 1, PageID.3, ¶ 11). He later declared his diet was halted on some unspecified date, prompting his second

3

kite on November 8, 2018. (ECF No.73, PageID.492, ¶7). Bidwell responded to Plaintiff's November 8, 2018 kite explaining his diet was "put in and takes time." (ECF No.72-2, PageID.438).

The disputed facts are as follows. Plaintiff declares he spoke with both Haye and Bidwell the day of the extraction and "[defendants] both assured Plaintiff that upon returning to JCS [after the extraction] a Mechanical Diet tray would await Plaintiff." (ECF No. 73, PageID.492, ¶ 4). He continues he is "almost certain" his oral surgeon recommended his mechanical soft diet. (*Id.* ¶ 5). According to Plaintiff's Electronic Dental Record ("EDR"), Dr. Cardon prescribed post-operative medications, Ultram and Amoxicillin, for pain and potential infection. (ECF No.72-2, PageID.438). Yet no specific diet was prescribed. (*Id.*).

Following surgery, when Plaintiff was not provided his expected diet, he claims he placed defendants on notice "verbally and in writing." (ECF No. 73, PageID.492, ¶ 4). On October 25, 2018, Plaintiff filed a grievance alleging Haye and "her D.A." failed to order the diet. (ECF No. 81, PageID.861). Defendants refute Plaintiff's account explaining a mechanical soft diet was not prescribed or considered until Plaintiff's kite was received on October 29, 2018 and Plaintiff was seen by the nurse the next day. (ECF No.72-4, PageID.456). Though he admits he secured soup from another inmate for several days, (ECF No.1, PageID.8, ¶ 7),

4

Plaintiff alleges he was deprived of food from October 23, 2018 until November 4, 2018. (*Id.* at PageID.3, ¶11).

Plaintiff asserts he lost around eight pounds during this period. (ECF No.1, PageID.3, ¶ 12). That said, certified health records suggest his weight fluctuated about two to three pounds between October 3, 2018 and November 20, 2018. (*See* ECF No.72-8; ECF No.75-9). Plaintiff maintains these records were altered. (ECF No. 73, PageID.493).

Based on defendants' alleged failure to provide the requested diet, Plaintiff alleges he was deprived of his basic human right to three meals a day. (ECF No.1, PageID.3, ¶14). Plaintiff contends defendants displayed "deliberate indifference" to him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. He also alleges defendants discriminated against him compared to other prisoners who promptly received diets in violation of his Fourteenth Amendment right to be free from discrimination. (*Id.* at PageID.3-4, ¶¶ 15; 20-21).

      B.     <u>Defendant Bidwell's Motion for Summary Judgment</u>

Bidwell argues providing treatment, diagnosing conditions, or authorizing prescriptions to patients is beyond her scope of practice. (ECF No. 72, PageID.421). Bidwell also contends Plaintiff was not experiencing a serious medical need and she did not act with deliberate indifference. (ECF No. 72,

PageID.423). Thus, summary judgment should be entered in her favor and Plaintiff's claim should be dismissed.

      C.      <u>Defendant Haye's Motion for Summary Judgment</u>

Haye argues she was not deliberately indifferent to Plaintiff's dental care needs and Plaintiff did not experience a serious medical need. (ECF No. 75, PageID.538). Haye also claims she was not deliberately indifferent to Plaintiff's request and did not act with a "sufficiently culpable state of mind." Haye promptly addressed Plaintiff's mechanical soft diet request and followed up on Plaintiff's "non-urgent" condition. (ECF No. 75, PageID.542). Thus, summary judgment should be entered in her favor and Plaintiff's claim should be dismissed. (*Id.*).

**III.    DISCUSSION**

      A.      <u>Standard of Review</u>

Pursuant to Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citation omitted). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

That Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz [v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a *pro se* litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

    B.  <u>Deliberate Indifference under the Eighth Amendment</u>

With medical care, a prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated only when the prisoner can prove a "deliberate indifference" to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "Where a prisoner has received some medical attention and the

8

dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) (citations omitted). Moreover, mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106.

A viable Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

    C.    <u>Analysis</u>

   1. "Sufficiently Serious" Medical Need

To satisfy the objective component, plaintiff must allege his medical need is "'sufficiently serious.'" *Farmer*, 511 U.S. at 834. A sufficiently serious medical need can be either: (1) a medical need diagnosed by a physician as mandating treatment; or (2) a medical need so obvious that even a lay person would easily recognize the need for a doctor's attention. *Baynes v. Cleland*, 799 F.3d 600, 618 (6th Cir. 2005). Plaintiffs who allege an unconstitutional delay in medical

9

treatment must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Dodson v. Wilkinson*, 304 F. App'x 434, 439 (6th Cir. 2008) (quoting *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001)). That said, verifying medical evidence is necessary only when the "claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious. In such circumstances, medical proof is necessary to assess whether the delay caused a serious medical injury." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 898 (6th Cir. 2004) (citing *Napier*, 238 F.3d at 742).

It is unclear whether Plaintiff's post-operative mechanical soft diet was a medical need "diagnosed by a physician as mandating treatment." *Baynes*, 799 F.3d at 618. Plaintiff contends Dr. Cardon prescribed, or at least led Plaintiff to expect the diet. (ECF No. 73, PageID.492, ¶ 5). However, certified dental records reflect such was not prescribed. (ECF No.72-2, PageID.438).

A reasonable jury could conclude that even a lay person may recognize a special diet is necessary following oral surgery. Courts have also found dental issues "serious medical needs" if the patient suffers from severe pain, or the inability to engage in normal activities. *McCarthy v. Place*, 313 F. App'x 810, 814 (6th Cir. 2008) (genuine issue of material fact about plaintiff's serious medical need when he could not eat solid foods because of seven-month toothache). As in

10

*McCarthy*, Plaintiff claims he could not eat after surgery because of painful stitches in his mouth. (ECF No. 1, PageID.2-3, ¶¶ 9-10). So Plaintiff has perhaps satisfied the objective component. *See Baynes*, 799 F.3d at 618 (holding a reasonable jury could decide plaintiff satisfied objective component when the need is so "obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

Having arguably satisfied the objective component, plaintiff need not produce evidence of a detrimental effect of the delay in treatment. In *Blackmore*, plaintiff's claim fell under the "obviousness" standard, as his appendicitis was a medical need so obvious a lay person would readily recognize the necessity for a doctor's attention. *Blackmore*, 390 F.3d at 899-900. Even though his condition was not diagnosed by a physician as mandating treatment, the *Napier* requirement of verifying medical evidence was unnecessary to prove plaintiff had a sufficiently serious medical need. *Id.* The same is true here, as Plaintiff's need for a soft diet after the extraction of his last three upper teeth could be considered sufficiently obvious.

    2. Deliberate Indifference

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference "entails something more than mere negligence," but can be "satisfied

by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To establish the subjective component, the plaintiff must show defendant subjectively perceived facts from which to infer substantial risk to the prisoner, defendant in fact drew the inference, and defendant then disregarded the risk. *Id.* at 837. In other words, this prong is satisfied when the defendant acts with criminal recklessness, or when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (citing *Farmer*, 511 U.S. at 839-40). A plaintiff may rely on circumstantial evidence to show subjective recklessness. For example, a jury may "conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. And if the risk is well-documented and evidence shows the official was exposed to information so that he must have known of the risk, the evidence is sufficient for a jury to find defendant had knowledge. *Id.* at 842–43. That said, plaintiffs must present "enough evidence from which a jury could conclude that each defendant 'so recklessly ignored the risk that he was deliberately indifferent to it.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Cairelli v. Vakilian*, 80 F. App'x 979, 983 (6th Cir. 2003)).

    a) Bidwell

Bidwell, a dental assistant, argues Plaintiff cannot satisfy the subjective component against her because she did not have the authority to provide medical treatment or order a special diet. The undersigned agrees. Even assuming *arguendo* that there were facts from which Bidwell could perceive a risk of harm to Plaintiff without a special diet, and that she drew the inference, a reasonable jury could not find she consciously disregarded the risk.

According to the Michigan Administrative Code, a dentist may assign or delegate certain procedures to a dental assistant. The list of procedures does not include writing prescriptions or ordering treatment. Mich. Admin. Code R 338.11411. The Michigan Administrative Code denies Bidwell the authority to prescribe and order things such as a special diet for patients. Plaintiff offers little to refute this, simply claiming "any nurse can order a food tray." (ECF No. 73, PageID.487).

Moreover, if the jury credits Plaintiff's version of the facts that he conversed with Bidwell and Haye before his surgery, the jury could not reasonably find Bidwell liable. It was during that conversation he was allegedly promised the special diet. Haye was Plaintiff's dentist and would have been the proper person to order the diet. If Bidwell was part of that conversation and Haye ordered the diet, there would be no action for Bidwell to take. And even if action on her part would

13

ever be required, it would not be until she learned Plaintiff did not receive the diet.[3] According to Plaintiff's version of the facts, he sent a kite informing healthcare he did not receive the diet on October 29, 2018. The diet was ordered two days later.

b) Dr. Haye

A reasonable jury could conclude defendant Haye subjectively perceived facts from which to infer substantial risk. Haye referred Plaintiff to the oral surgeon to have his remaining three upper teeth removed. As a dentist, a reasonable jury could conclude that, with stitches and no remaining teeth on the upper jaw, being made to eat anything besides soft foods would pose a risk to the patient.

Viewing the facts in a light most favorable to Plaintiff, there is a genuine issue of material fact whether Dr. Haye drew the inference. There is a fact suggesting Haye drew the inference of risk to Plaintiff—on October 31, 2018, Haye ordered the diet. As she ordered the diet, it suggests she inferred a risk of harm to Plaintiff if he did not receive the same. Since Dr. Haye knew of the risk to Plaintiff as early as when she referred him for extraction, a reasonable jury could

---

[3] Plaintiff's October 25, 2018 grievance was rejected on October 26, 2018 at Step I and on November 19, 2018 at Step II because it included multiple unrelated issues. (ECF No.1, PageID.11-13). Nothing in the record suggests staff forwarded his rejected grievances to defendants. Since Plaintiff's grievances were rejected on procedural grounds, the undersigned will assume defendants were unaware of Plaintiff's grievances.

possibly find that she knew a soft food diet was necessary when his condition was most severe immediately after his surgery.

There is a genuine issue of material fact whether Dr. Haye was deliberately indifferent to Plaintiff's serious medical need from the day of Plaintiff's surgery to her October 31, 2018 order. To find Haye disregarded Plaintiff's risk, Plaintiff must prove she "so recklessly ignored the risk" that she was "deliberately indifferent to it." *Rhinehart*, 894 F.3d at 738.

If Haye and Plaintiff conversed before his surgery during which she promised him he would have a soft foods diet after surgery, but did not in fact order the diet at that time, a reasonable jury could conclude Haye consciously disregarded a risk of harm to Plaintiff. Plaintiff did not ultimately receive the diet until November 4, 2018. If the jury credits Haye's version of facts, and thus that there was no conversation on October 23, 2018, the jury could not find Haye deliberately indifferent. It is reasonable to expect a surgeon to include all of a patient's post-operative restrictions. Hence, without the alleged conversation, there are no facts on which to conclude Haye knew Plaintiff would not have the special diet immediately following the surgery. A restriction to soft foods only would be reasonable here because Plaintiff was left with no teeth on his upper jaw and stitches after the extraction. For example, in *Byrd*, medical staff's two-day delay in providing a patient his prescribed low-sodium high-protein diet displayed

15

plausible deliberate indifference, because the patient suffered needless pain when relief was readily available. *Byrd v. Wilson*, 701 F.2d 592, 595 (6th Cir. 1983). Thus, whether the parties had a conversation the day of Plaintiff's surgery is a material fact, and the dispute is genuine. The question of material fact ends on October 30, 2018. According to Haye's version of events, she was not aware Plaintiff did not have a soft foods diet until Plaintiff asked for it on October 30, 2018. She ordered the diet the next day. Having ordered the diet on October 31, 2018, a reasonable jury could not conclude she was deliberately indifferent to a risk of harm from that point onward. *See Miller v. Cleek*, 198 F.3d 246 (6th Cir. 1999) (table) (no deliberate indifference when there was no instruction by medical provider for diabetic diet); *see also Byrd*, 701 F.2d at 594-95 (two-day lapse in prescribed low-sodium high-protein diet supports plausible deliberate indifference claim).

Even if the jury concludes she were deliberately indifferent from the date of surgery up to ordering the diet, it could not reasonably find deliberate indifference once the diet was ordered. She fulfilled Plaintiff's request, and as such, was not indifferent to his request. For these reasons, Haye's motion for summary judgment should be granted only as to her actions from October 31, 2018 onward, and denied as to the remainder.

**IV.   RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant Bidwell's motion for summary judgment (ECF Nos. 72) be **GRANTED**, defendant Haye's motion for summary judgment (ECF No.75) be **GRANTED IN PART**, **DENIED IN PART**, and Plaintiff's "opposing motion" to Haye's motion for summary judgment be **DENIED AS MOOT.**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  December 29, 2021.              s/Curtis Ivy, Jr.
                                       Curtis Ivy, Jr.
                                       United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail record on December 29, 2021.

                                       s/Kristen MacKay
                                       Case Manager
                                       (810) 341-7850