UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY D. CHEATHAM,**<br><br>Plaintiff,<br><br>vs.<br><br>**HEATHER L. HAYS**<br><br>Defendant. | 2:19-CV-10480-TGB-CI<br><br>HON. TERRENCE G. BERG<br>HON. CURTIS IVY, JR.<br><br>**ORDER REGARDING<br>DEFENDANT HAYS'<br>OBJECTION (ECF NO. 94)** |

On February 16, 2022, Magistrate Judge Curtis Ivy, Jr. certified that all pretrial matters in this case had been completed and returned the reference to the undersigned. *See* Certification, ECF No. 90, PageID.940. Defendant Hays[1] has filed an "objection" to this certification. She says that she has become aware of "the existence of official prison documentation" which "might affect the outcome" of this matter. Def's. Obj., ECF No. 94, PageID.954. That evidence, and Hays' accompanying brief, is now before the Court. *See* Show Cause Resp., ECF No. 98. For the reasons explained below, Hays' objection will be overruled, and the Court will accept Magistrate Judge Ivy's return of the reference.

---

[1] The case caption has been corrected to reflect that Defendant's name is "Heather L. Hays." *See* Stipulation and Order, ECF No. 100.

A central issue in this case is the nature and existence of a disputed conversation that may or may not have taken place between Plaintiff and Hays at the Michigan Department of Corrections' dental facility on October 23, 2018. Magistrate Judge Ivy noted that whether this conversation happened or not was a genuine dispute of material fact that precluded granting summary judgment in Defendant Hays' favor as to her possible liability. *See* Report and Recommendation, ECF No. 87, PageID.931-32, recommendation adopted at ECF No. 89. Hays now argues that newly discovered evidence—her MDOC timecard—shows that she did not work at the Michigan Department of Corrections' dental facility on October 23. Because she was not physically present there, she says, she could not have had any conversation with Plaintiff. In the "Hours" column, the timecard reads "0.00" for October 23. ECF No. 98, PageID.985. However, the remainder of the timecard reveals significant ambiguity surrounding the October 23, 2018 entry.

For each date, the timecard has several columns. Three are relevant here: "Start," which appears to be the time Hays clocked in, "Stop," which appears to be the time she clocked out, and "Hours," which appears to total the number of hours Hays worked on that particular day. Hays agrees with that characterization of the timesheet. ECF No. 98, PageID.975 (record "reflect[s] specific work start and stop times when [Hays] was accruing work hours"). The critical entry for October 23, 2018

is ambiguous because, although it reflects zero hours worked, it also shows a "Start" time of 7:39 for Hays, but no "Stop" time. *Id.* at PageID.985. Several other time-card entries, such as those for September 25, October 4, October 9, October 26, and November 21 also follow this pattern: they show a "Start" time, no "Stop" time, and an entry of "0.00" in the "Hours" column. *Id.* at PageID.984-86. These entries create an ambiguity that cannot be resolved from the face of the records. The records alone allow a reasonable inference that Hays could have indeed worked on those days, including October 23, but that a clerical error or failure to record a "Stop" time led to the entry of zero hours worked on those days. Bolstering this conclusion, the entries for every Saturday and Sunday on the time sheet, as well as a number of other days when it appears that Hays did not work, say "*** Sched Off ***" in all three relevant columns. *Id.* No such "*** Sched Off ***" notation appears in the entry for October 23rd, so the record is ambiguous as to whether Hays worked that day.

To be sure, the entry on the timesheet also does not definitively establish that Hays *did* work on October 23rd. It may be that the "0.00" hours worked notation is accurate. But to conclude that the timecard conclusively shows that Defendant Hays did not work on October 23 and to grant summary judgment in Hays' favor on that basis would require the Court to usurp the function of a jury and make a credibility

determination on a motion for summary judgment—which this Court may not do. *See Blanchet v. Charter Commc'ns*, LLC, 27 F.4th 1221, 1226 (6th Cir. 2022). This case, and the proffered evidence, must be submitted to a jury who will determine what weight should be afforded to the timesheet along with any other evidence and testimony that may be presented.[2]

Accordingly, Defendant Hays' Objection to the Certification of Completion of Pretrial Proceedings (ECF No. 94) is **OVERRULED**. Magistrate Judge Curtis Ivy, Jr's Certification that all pretrial matters have been completed (ECF No. 90) is **ADOPTED**, and Judge Ivy's return of the reference to the undersigned is **ACCEPTED**. This matter will be set for trial as the Court's calendar allows.

DATED this 28th day of June, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

---

[2] Defendant Hays requests that discovery be reopened so that she may depose Plaintiff Cheatham regarding statements he made in the sworn affidavit (ECF No. 97) he filed in response to Defendant Hays' Objection. These statements allegedly contradict Cheatham's past statements. *See* Resp. to Show Cause Order, ECF No. 98, PageID.981-82. The Court declines to reopen discovery. If Plaintiff Cheatham testifies at trial, he may be cross-examined regarding his allegedly inconsistent statements.